AO 88A  (Rev. 06/09) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

| | | |
|---|---|---|
| SimpleAir, Inc. | ) | *SA MC 13 - 00019* |
| Plaintiff | ) | |
| v. | ) | Civil Action No.   2:11-cv-416 |
| Microsoft Corporation, et al. | ) | |
| | ) | (If the action is pending in another district, state where:) |
| Defendant | ) | Eastern District of Texas          ) |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To:  Mr. Kenneth George Townsley, 23592 Windsong, Apt. 44L, Aliso Viejo, California  92656-2349

☑ *Testimony:*  **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action.  If you are an organization that is *not* a party in this case, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Kilpatrick Townsend & Stockton LLP 9720 Wilshire Blvd. Beverly Hills, CA  90212-2018 | Date and Time: 08/23/2013 10:00 am |
|---|---|

The deposition will be recorded by this method:   video and stenographic

☑ *Production:*  You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material:

See Attachment A

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: JUL 3 1 2013

*CLERK OF COURT*

**DODJIE LAGMAN**

_____        OR        _____
*Signature of Clerk or Deputy Clerk*                              *Attorney's signature*

1225

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*   Google Inc. and Motorola Mobility LLC _____ , who issues or requests this subpoena, are:

Jessica L. Hannah, Kilpatrick Townsend & Stockton LLP, Two Embarcadero Center, 8th Floor, San Francisco, CA 94111, 415-273-7502, jhannah@kilpatricktownsend.com

AO 88A  (Rev.  06/09) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No.  2:11-cv-416

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

    ❒ I served the subpoena by delivering a copy to the named individual as follows: _____

_____

_____  on *(date)* _____ ; or

    ❒ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

    $ _____ .

My fees are $ _____  for travel and $ _____  for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____

*Server's signature*

_____

*Printed name and title*

_____

*Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1) *Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2) *Command to Produce Materials or Permit Inspection.***

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) *Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1) *Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) *Claiming Privilege or Protection.***

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## EXHIBIT A

## DEFINITIONS

1.      "You" or "your" means Ken Townsley, his agents, representatives and all other persons acting on his behalf.

2.      "AirMedia," "AirMedia, Inc." or "AirMedia Live" refers to its predecessors or successors in-interest, including Ex Machina, Inc., parents, subsidiaries, divisions or affiliates, and their respective officers, directors, employees, agents, representatives and all other persons acting or purporting to act on its behalf.

3.      "SimpleAir, Inc." or "SimpleAir" refers to its predecessors or successors in-interest, including SimpleAir Holdings, Inc., parents, subsidiaries, divisions or affiliates, and their respective officers, directors, employees, agents, representatives, including Tim von Kaenel and John Payne, and all other persons acting or purporting to act on its behalf.

4.      "Wireless Internet, Inc." refers to its predecessors or successors in-interest, parents, subsidiaries, divisions or affiliates, and their respective officers, directors, employees, agents, representatives and all other persons acting or purporting to act on its behalf.

5.      "Relating to" of "relate to" shall mean to concern, contain, record, discuss, mention, note, evidence, memorialize, analyze, describe, comment upon, refer to, have any connection with, or have any tendency to prove or disprove the matters set forth.

6.      "Communicate" or "communication" means any written, oral or other transmission of fact, information, ideas or opinion, including, but not limited to, any utterance, notation, questions, command, interjection, expression, gesture, suggestive conduct or statement of any nature whatsoever, any conversation (whether by telephone

1

or otherwise), and any meeting and also including, but not limited to, correspondence, financial records, corporate records, reports and documents.

7.     "Document" shall be synonymous in meaning and scope to the usage of this term in Fed. R. Civ. P. 34(a) and means all documents in the possession, custody or control of the deponent.

2

## REQUESTS FOR PRODUCTION

1.      Documents and things relating to any version(s) of services or systems that were developed, worked on or provided by AirMedia, including documents relating to AirMedia Live, technical documents, source code, web pages, screen shots, activation forms, user manuals, demonstrations, marketing materials, internal documents, news releases, sales invoices, emails, offers, and/or any devices that were or could be used in connection with any AirMedia system (specifically including source code that has been stored by you under a file path that begins with "AML Source code") in existence before February 16, 1996.

2.      Documents and things relating to your role, responsibilities and activities as an employee, including as an engineer, at AirMedia and/or Wireless Internet, Inc.

3.      Documents and things relating to the storage, collection and/or examination of documents, including technical information and source code, relating to AirMedia, including AirMedia Live.

4.      Documents and things relating to SimpleAir including documents and things related to SimpleAir's Patent Nos. 6,021,433 and 7,095,914 ("the Patents"); your awareness of the Patents; the Provisional Patent Applications related to the Patents (Appl. Nos. 60/026,471; 60/014,735; 60/014,341; and 60/010,651); and the reexaminations of the Patents (Appl. Nos. 90/009,904 and 90/009,906).

5.      All communications with SimpleAir, including correspondence with Tim von Kaenel and John Payne, their representatives, and SimpleAir's attorneys, including correspondence relating to contact with Tim von Kaenel on November 28, 2012 and November 29, 2012, and documents and things relating to or included with any of these communications.

3

5765047

# EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| SimpleAir, Inc., | Case No.: 2:11-cv-00416-JRG |
| Plaintiff, | |
| v. | |
| Microsoft Corporation, et al. | |
| Defendants. | |

## CORRECTED PROTECTIVE ORDER

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court hereby enters this Protective Order to facilitate document disclosure and production under the Local Rules of this Court and the Federal Rules of Civil Procedure.  Unless modified pursuant to the terms contained in this Order, this Order shall remain in effect through the conclusion of this litigation.  In support of this order, the Court finds that:

A.     Confidential, proprietary, and certain business information and/or trade secrets that bear significantly on the parties' claims or defenses is likely to be disclosed or produced during the course of discovery in this litigation;

B.     The parties to this litigation may assert that public disclosure of such confidential information could injure or damage the party that provided the confidential information; and

C.     To protect the respective interests of the parties and to facilitate the progress of disclosure and discovery in this case, the following Order should issue:

IT IS THEREFORE ORDERED THAT:

**Protected Information**

1. Documents or discovery responses or any other communications containing confidential information disclosed or produced by any party in this litigation or any third party producing information or material in connection with this litigation are referred to as "Protected Information." Any Protected Information obtained by any party from any person pursuant to discovery in this litigation may be used only for purposes of this litigation, except to the extent that a producing party in this litigation properly produces such information in another litigation. Except as otherwise indicated below, all documents or discovery responses designated by the producing party as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY,"[1] or "HIGHLY CONFIDENTIAL – SOURCE CODE" and which are disclosed or produced in this litigation are Protected Information and are entitled to confidential treatment as described below. Protected Information also includes (1) any information copied or extracted from Protected Information; (2) all copies, excerpts, summaries, or compilations of Protected Information; (3) any testimony, conversations, or presentations by Parties or their counsel that might reveal any aspects of Protected Information; and (4) briefs, memoranda or other writings filed with the Court and exhibits thereto that contain or reflect the content of any such Protected Information.

2. Protected Information does not include (a) materials that on their face show that they have been published to the general public, (b) documents that have been submitted to any governmental entity without confidential treatment, (c) information that after disclosure to a receiving party becomes part of the public domain as a result of publication not involving a

---

[1] To the extent that documents produced prior to this order bear a designation of "Attorneys Eyes Only" or "Outside Counsel Only," those designations will be considered equivalent to "Highly Confidential – Attorneys Eyes Only."

violation of this Order or any violation of law or legal obligation, (d) information that a receiving party can show was received by it, whether before or after the disclosure, from a source that obtained the information lawfully and under no obligation of confidentiality to the producing party; and (e) information that a receiving party can show was independently developed by it after the time of disclosure by personnel who have not had access to the information designated by a producing party under this Order.

### "Confidential" designation

3. Protected Information qualifies for the designation "CONFIDENTIAL" if (a) it constitutes information that (i) has not been made public and (ii) includes trade secrets or other confidential research, development, analysis, or commercial information, and (b) the disclosing party reasonably believes the disclosure of the information to the public or to a competitor could cause harm to the business operations of the disclosing party or any third party whose interests would be affected by such disclosure (*e.g.*, if the disclosing party is producing an agreement with a third party whose interests would be affected by the agreement's disclosure).

### "Highly Confidential – Attorneys Eyes Only" designation

4. Protected Information qualifies for the designation "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" if it constitutes (i) non-public technical information, including schematic diagrams, manufacturing and engineering drawings, engineering notebooks, specifications, research notes and materials, technical reference materials, and other non-public technical descriptions and/or depictions of the relevant technology; (ii) non-public revenue-related information (*e.g.*, the number of products sold, total dollar value of sales products, and profit margins); (iii) non-public financial information; (iv) customer lists; (v) business and/or marketing plans; (vi) price lists and/or pricing information; (vii) settlement or license agreements that are subject to confidentiality provisions or agreements; and (viii) information obtained

pursuant to a nondisclosure Non-Disclosure Agreement ("NDA") that remains in effect.

### Source Code designation

5.      Protected Information may qualify for the "HIGHLY CONFIDENTIAL –
SOURCE CODE" designation if it constitutes human-readable programming language text that
defines software, firmware, or electronic hardware descriptions (hereinafter referred to as
"source code"). Text files containing source code are hereinafter referred to as "source code
files." Source code files include, but are not limited to files containing text written in "C",
"C++", assembler, VHDL, Verilog, and digital signal processor (DSP) programming languages.
Source code files further include ".include files," "make" files, link files, header files, and other
human-readable text files used in the generation and/or building of software directly executed on
a microprocessor, microcontroller, or DSP. Non-text (i.e., non-human readable) files (including,
but not limited to, binary executable files, object code files, compilers and linkers), if produced,
shall be afforded the same protection as the source code defined in this section.

### Challenges to Designations

6.      At any time after the delivery of Protected Information, counsel for the party or
parties receiving the Protected Information may challenge the designation of all or any portion
thereof by providing written notice thereof to counsel for the party disclosing or producing the
Protected Information. If the parties are unable to agree as to whether the designation of
discovery material is appropriate, the party or parties receiving the Protected Information
shall certify to the Court that the parties cannot reach an agreement as to the confidential
nature of all or a portion of the Protected Information. Thereafter, the party or parties
disclosing or producing the Protected Documents shall have ten (10) days from the date of
certification to file a motion for protective order with regard to any Protected Documents in
dispute. The party or parties producing the Protected Documents shall have the burden of

establishing that the disputed Protected Documents are entitled to confidential treatment. If the party or parties producing the Protected Documents do not timely file a motion for protective order, then the Protected Documents in dispute shall no longer be subject to confidential treatment as provided in this Order. All Protected Information is entitled to confidential treatment pursuant to the terms of this Order until and unless the Court orders otherwise, the parties agree in writing to the contrary, or, when applicable, a party fails to timely move for a protective order. No party shall be obligated to challenge the propriety of any designation, and failure to do so shall not preclude a subsequent challenge to the propriety of such designation.

7.      Protected Information and any information contained therein shall not be used or shown, disseminated, copied, or in any way communicated to anyone for any purpose whatsoever, except as provided for below.

### Productions among Defendants

8.      Any court filing in this case shall be served on all outside counsel of record in this litigation even if such filing includes Protected Information.  Defendants, at their respective discretion, may redact Protected Information from any court filing in this case prior to service to other Defendants. A producing Defendant may, but is not obligated to, produce Protected Information to other Defendants in this case.  In the event a Defendant receives a production from another Defendant, Protected Information contained within such production shall be afforded all protections afforded Protected Information with the same designation produced to an opposing party.   Moreover, unless otherwise agreed by the producing Defendant, no in-house counsel for a given Defendant, nor any other employee of such a Defendant, may review another Defendant's Protected Information. Nothing in this Protective Order prevents any Defendant's outside counsel from seeking and obtaining any Protected

Information from another Defendant by serving a request for production (which, along with any response thereto, shall also be served on Plaintiff), nor does it prevent any producing Defendant from asserting any proper objections in connection with a request for such information.

### Disclosure of "Confidential" Information

9.      Protected Information designated "CONFIDENTIAL" shall not be disclosed to anyone except the following persons:

        a.      Outside counsel of record in this action and other disclosed (*i.e.*, disclosed to the producing party) outside counsel for the party or parties receiving Protected Information or any information contained therein that are working on this action;

        b.      Employees of such outside counsel and outside vendors (excluding experts and investigators) used to process information necessary to assist such counsel in the preparation and trial of this action, provided such outside vendors agree to maintain the confidentiality of the Protected Information;

        c.      The Court, including a Mediator, appointed technical advisor, and staff;

        d.      Experts or consultants that are disclosed and qualified pursuant to the terms of this Protective Order;

        e.      Court reporters and videographers recording testimony or arguments in this action (provided any documents may be requested to be put under seal or provided with other suitable precautions as determined by the Court); and

        f.      Up to four in-house counsel (and any respective legal department employees who are actually assisting outside counsel of record or such in-house counsel in preparation of this case) and one officer level employee for the receiving party who has responsibility for making decisions dealing directly with this litigation or who is assisting outside

counsel in preparation for proceedings in this action to whom disclosure is reasonably necessary for this litigation provided that any such representative has agreed to be bound by the terms of this Order by signing the agreement attached hereto as Exhibit A (which must be provided to the producing party at least 5 business days prior to the intended disclosure), except that defendants' in-house counsel and employees under this paragraph shall not review any co-defendants' Protected Information.

### Disclosure of "Highly Confidential – Attorneys Eyes Only" Information

10.     Protected     Information     designated     "HIGHLY     CONFIDENTIAL     – ATTORNEYS EYES ONLY" shall not be disclosed to anyone except the following persons:

a.      Outside counsel of record in this action and other disclosed (*i.e.*, disclosed to the producing party) outside counsel for the party or parties receiving Protected Information or any information contained therein that are working on this action;

b.      Employees of such outside counsel and outside vendors (excluding experts and investigators) used to process information necessary to assist such counsel in the preparation and trial of this action, provided such outside vendors agree to maintain the confidentiality of the Protected Information;

c.      The Court, including a Mediator, appointed technical advisor, and staff;

d.      Experts or consultants that are disclosed and qualified pursuant to the terms of this Protective Order;

e.      Court reporters and videographers recording testimony or arguments in this action (provided any documents may be requested to be put under seal or provided with other suitable precautions as determined by the Court); and

f.      Up to four in-house counsel of each Defendant may review Plaintiff's "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" information provided, however,

that access by in-house counsel be limited to in-house counsel who exercise no competitive decision-making authority on behalf of the client, and provided that any such in-house Counsel has agreed to be bound by the terms of this Order by signing the agreement attached hereto as Exhibit A (which must be provided to the producing party at least 5 business days prior to the intended disclosure), except that defendants' in-house counsel and employees under this paragraph may not review any co-defendants' Protected Information without consent.

## Disclosure of "Highly Confidential – Source Code" Information and procedure for source code inspections

11.     Protected Information designated "HIGHLY CONFIDENTIAL – SOURCE CODE" shall not be disclosed to anyone except the following persons ("Source Code Qualified Persons":

     a.     Outside counsel of record in this action and employees of such outside counsel for the party or parties receiving Protected Information or any information contained therein that are working on this action;

     b.     The Court, including a Mediator, appointed technical advisor, and staff;

     c.     Up to three (3) experts or consultants that are disclosed and qualified pursuant to the terms of this Protective Order; and

     d.     Court reporters and videographers recording testimony or arguments in this action (provided any documents may be requested to be put under seal or provided with other suitable precautions as determined by the Court); and

     e.     anyone else to whom the producing party consents.

12.     To the extent that any party wishes to obtain access to source code, the following procedures shall apply:

     a.     The producing party shall make relevant and properly requested source code

available for inspection (rather than produced). The producing party has the sole discretion to require some or all of the following safeguards: Inspection shall occur on a stand-alone, non-networked personal computer that is password protected, maintained in a secure, lockable area, disabled from having external storage devices attached to it, and running a version of the Microsoft Windows operating system at least as current as Windows XP ("Source Code Computer"). Any source-code inspection process shall be limited to inspecting source-code files and only source-code files.

        b.     The producing party shall make the source code available for inspection in an electronic, text-searchable form that allows word searches to be made globally (*i.e.*, across all source code files produced for inspection, not just within particular files); an exemplary form of production that is satisfactory in this regard is to provide the source-code inspection computer on a computer running the Windows XP (or later) operating system (which is acceptable because it includes a file-search feature built in). Source code is to be disclosed in electronic native format. A party need not produce source code in any other format than electronic native form.[2] The inspection(s) shall occur at a location selected by the producing party from among: (i) a domestic facility where (or nearby) the source code is ordinarily maintained by the producing party, or (ii) domestic offices of counsel for the producing party (provided the particular office of counsel was not selected for the purpose of increasing the burden of attending the inspection by the inspecting party). In addition, the producing and inspecting party may agree among themselves to conduct the inspection at any other location.

        c.     In order to verify that its source code has not later been altered, the producing

---

[2] Nothing in this Protected Order prevents Plaintiff from moving, upon a showing of good cause, for Defendants' production of accused software in executable or compiled format. Similarly, nothing prevents a Defendant from opposing any such motion.

party may benchmark the materials before they are provided, but shall not install any keystroke or other monitoring software on the Source Code Computer.

       d.     The receiving party may request any additional reasonable tool software on the Source Code Computer, which shall be installed by the producing party but at the receiving party's expense. The receiving party must provide the producing party with the CD or DVD containing any such tool(s) at least fourteen (14) business days in advance of the date upon which the receiving party wishes to have the tool(s) available for use. An exemplary tool is Microsoft Visual Studio Express Edition (subject to certain functional aspects being disabled or not included if applicable, such as compiling, interpreting, or simulating functionality). Should it be necessary, other mutually agreed upon, tools may be used with the receiving party undertaking actions to enable the same. The receiving party must obtain licensed copies of agreed upon tool software. The producing party will make a good-faith attempt to install them on the Source Code Computer. In no event shall the receiving party use any compilers, interpreters or simulators in connection with the producing party's source code. The Producing Party is under no obligation to install any other particular software besides, if applicable, the aforementioned tools. However, as set forth above, the Source Code Computer must contain software that allows the source code to be inspected in an electronic, text-searchable form that allows word searches to be made globally (*i.e.*, across all source code files produced for inspection, not just within particular files). The Receiving Party is not allowed to install any software on the Source Code Computer.

       e.     The Source Code Computer shall be made available from 9 am to 5 pm local time, Monday through Friday (excluding holidays), and other days and/or times, including weekends, upon reasonable request until the close of discovery in this action. Access on weekends or after hours shall be permitted only on three days advanced written notice and with the receiving party

bearing any expenses associated with accommodating such request.

f.     The receiving party may not disclose the source code or the content of the source code to any Source Code Qualified Person who has not agreed to have been bound by this Protective Order. No employee of the receiving party may access or obtain the source code.

g.     No more than five Source Code Qualified Persons for the receiving party may have access to the Source Code Computer. In addition, no more than five additional Source Code Qualified Persons for the receiving party may have access to printed copies of any portion of the producing party's source code. Upon request by the producing party, the receiving party shall provide reasonable assurances and/or descriptions of the security measures employed by the receiving party and/or Source Code Qualified Person that receives a copy of any portion of the Source Code. For each day that counsel for the receiving party requests a review of the Source Code Computer, it must give at least 25 days' notice to the counsel for the producing party that it will be sending individual(s) authorized to review the source code made available on the Source Code Computer for any initial reviews and 14 days' notice for additional reviews by the same individual(s). The receiving party shall identify all individuals who will or might be given access to the source code at least two weeks prior to any inspection, after which time the producing party may object to providing source-code access to any persons so identified. If an objection to an individual is made by the producing party, it will be the burden of the producing party to show that the individual should not be authorized to inspect the producing party's source code.

h.     Proper identification of all Source Code Qualified Persons attending an inspection shall be provided prior to any access to the facility at which the inspection is made or the Source Code Computer. Proper identification is hereby defined as a photo identification card sanctioned by the government of a U.S. state or by the United States federal government. Access to the

11

facility or the Source Code Computer may be denied, at the discretion of the producing party, to any individual who fails to provide proper identification. The producing party shall be entitled to have a person observe all entrances and exits from the secure facility.

i. Unless expressly allowed herein, no person is permitted to copy, e-mail, transmit, upload, download, print, photograph or otherwise duplicate any portion of the designated Source Code, except as the receiving party may request a reasonable number of pages of Source Code to be printed by the producing party, but only if and to the extent necessary for use in this action. Any printing of source code shall be done (after the producing party's review and subject to objection) by the producing party on watermarked or colored pre-Bates numbered paper, which shall be provided by the producing party. Any printed source code shall bear the designation "HIGHLY CONFIDENTIAL – SOURCE CODE." Printing of source code is not allowed as a substitute for the inspection process. Source-code inspection is to happen via and only via the Source Code Computer. Requesting the printing of source code for the purpose of avoiding an initial inspection by a person different from a live inspector is not allowed. Except to the extent necessary for court filings, expert reports, depositions, trial exhibits, and demonstratives, no copies or images of source code may be created. Subject to the provisions herein, printed copies may be made for counsel for the receiving party either within 3 business days if less than 100 pages is requested or within 7 business days if printing of a larger number of pages is requested. Printed copies shall be made using the default spacing, margins, and font size of the software tool used to inspect the course code. Counsel for the receiving party may request up to 2 copies of printed source code at the producing party's expense. Identification of source code to be printed shall be provided by the receiving party's counsel or its inspecting expert at the time of the inspection and/or within 48 hours of the inspection's conclusion. The receiving party shall not be allowed to have printed any continuous portions of source code that results in more than

10 printed pages (except where a routine or function is longer in length than ten pages). A receiving party must show cause in order to request that more than 500 total pages of source code relating to a particular Accused Instrumentality be printed. If the receiving party requests that more than 500 total pages of source code be printed, the producing party may object to printing the amount that exceeds 500 pages but will bear the burden of demonstrating why it should not comply with the request in any motion practice (whether brought as a motion to compel or for a protective order) before the Court in view of the receiving party's good-cause showing. A producing party may object that the printing of certain portions of source code, even within the limitations above, is not reasonably necessary. The producing party shall make such objection known to the receiving party within five business days. If after meeting and conferring the producing party and the receiving party cannot resolve the objection, the producing party may seek a Court resolution of whether the printed Source Code in question is reasonably necessary to any case preparation activity. Contested Source Code print outs need not be produced to the requesting party until the matter is resolved by the Court.

j.      In addition to other reasonable steps to maintain the security and confidentiality of the producing party's source code, printed copies of the source code maintained by the receiving party must be kept (when not in use) in a secure storage container at the offices of outside counsel of the receiving party or the offices of the reviewing expert that is a Source Code Qualified Person. No electronic copies of the source code shall be provided by the producing party beyond the Source Code Computer except as otherwise expressly allowed herein. No subsequent copies shall be made of the printed copies provided by the producing party to the requesting party.

k.      No outside electronic devices, including but not limited to laptops, floppy drives, zip drives, USB memory sticks, portable hard drives, cameras/camcorders or other hardware

13

shall be permitted in the secure room. Nor shall any cellular or other telephones, personal digital assistants (PDAs), Blackberries, cameras, voice recorders, Dictaphones, telephone jacks or other devices be permitted inside the secure room. Nor shall any non-electronic devices capable of similar functionality be permitted in the secure room. All persons entering the secure, locked area containing the Source Code Computer must agree to represent, upon request, that they are not carrying any prohibited items before they will be given access to the area. The receiving party will make provisions to not carry any prohibited items into the secure room. No copies of all or any portion of the Source Code may leave the room in which the Source Code is inspected except as otherwise provided herein. Unless otherwise agreed in advance by the parties in writing, following each inspection, the receiving party's outside counsel and/or experts may remove all notes, documents, and all other materials from the room that may contain work product and/or attorney-client privileged information. The producing party is not be responsible for any items left in the room following each inspection session.

l.    A Party that desires to use a producing Party's information designated HIGHLY CONFIDENTIAL – SOURCE CODE as part of a demonstrative at trial must first provide five days' notice to such producing Party prior to the intended use of such demonstrative and shall identify the portions of the Source Code that such party intends to use in the demonstrative.

m.    Within four weeks after the issuance of a final, non-appealable decision resolving all issues in the case, the receiving party must, if requested (a) return to the producing party, or certify the destruction of, all copies of the producing party's source code, and (b) certify destruction of any notes reflecting or referring to the source code. No court filings or expert reports shall contain source code unless it is reasonably and in good faith believed to be necessary by the receiving party. In addition, all persons to whom any copies of the source code were provided must certify in writing that all copies of the source code were returned to the

14

counsel who provided them and that they will make no use of the source code in any future endeavor unless properly obtained in such endeavor.  The certification must then be communicated to the producing party within said four weeks. As mentioned, any expert consultant on behalf of any receiving party who is to be given access to a producing party's produced source code must inspect the source code via and only via the Source Code Computer except as otherwise provided herein.  Access to and review of the source code is strictly for the purpose of advancing the claims and defenses at issue in this case.  No person may review or analyze any source code for purposes unrelated to this case.

n.      No outside counsel or consultant shall be entitled to copy lines of source code into notes or make notes using the source code computer.  Unless otherwise agreed in advance by the Parties in writing, following each inspection, the receiving party's outside counsel and/or experts shall remove all notes, documents, and all other materials from the room that may contain work product and/or attorney-client privileged information.  The producing party is not responsible for any items left in the room following each inspection session.

o.      Access to and review of the printed copies of source code or notes, analyses or description of such source code shall be stored or viewed only at (i) the offices of outside counsel for the receiving party or its experts; (ii) the site where any deposition is take; (iii) the Court; or (iv) any secure intermediate location necessary to transport the information to a hearing, trial or deposition.  Any such copies or notes, analyses or descriptions of source code shall not be transported via mail service or any equivalent service and shall be maintained at all times in a secure location under the direct control of counsel responsible for maintaining the security and confidentiality of the designated materials and in a manner that prevents duplication of or unauthorized access to the source code, including, without limitation, storing the source code in a locked room or cabinet at all times, when it is not in use.

p.    A receiving party may make electronic representations of only those portions of source code that are necessary to prepare pleadings filed under seal, expert reports, infringement contentions, trial exhibits or demonstratives, and deposition exhibits designated HIGHLY CONFIDENTIAL – SOURCE CODE. No subsequent copies shall be made of the printed copies provided by the producing party to the requesting party. Images or copies of the Source Code shall not be included in correspondence between the parties (references to production numbers shall be used instead). Hard copies of the source code may not be converted into any electronic format (including by scanning) except as expressly provided herein.

**Prosecution Bar**

13.    No prosecution bar is triggered by reviewing plaintiff's Protected Information.

14.    (a) An individual who, on behalf of the plaintiff, reviews a defendant's technical Protected Information designated as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE" may not supervise, assist, substantively advise, or otherwise substantively counsel in the drafting or amending of patent claims of any patent application directed to the particular information disclosed in a defendant's technical Protected Information for a period ending one year after the final resolution of this litigation.

14    (b) Provision 14(a) does not prohibit Plaintiff's counsel of record (Dovel & Luner) or experts from participating in reexamination proceedings involving any of SimpleAir's patents, provided, however, that such counsel and/or experts (who had access to defendants' technical Protective Information designated as "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL – SOURCE CODE") do not participate in the drafting or amending of any patent claims. The duration of this provision may be terminated earlier by agreement of the parties (e.g., in the case of settlement).

### Expert qualification procedure

15.     Counsel for a party receiving Protected Information may not disclose any material designated CONFIDENTIAL, HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, and/or HIGHLY CONFIDENTIAL – SOURCE CODE to a proposed expert or consultant unless the following provisions (and other applicable provisions herein) are complied with:

a.     Counsel shall first provide a copy of this Protective Order to such person, who shall sign the Agreement attached hereto as Exhibit A; and

b.     At least 10 days before the first such disclosure, counsel for the receiving party shall notify the producing party in writing of the intent to disclose CONFIDENTIAL, HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, and/or HIGHLY CONFIDENTIAL – SOURCE CODE discovery material to such person. The notice shall include a copy of the Agreement signed by the person and shall identify his or her title, job responsibilities and affiliation(s) with the receiving party.  The notice shall also include a copy of such person's most recent curriculum vitae, which shall include an identification of all such person's past and present employment, and/or consulting relationships for the last 4 years and a listing of cases in which the witness has testified as an expert at trial or by deposition within the preceding four years. If the producing party objects to the disclosure of CONFIDENTIAL,  HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY, and/or HIGHLY CONFIDENTIAL – SOURCE CODE material to such person, the producing party shall notify counsel for the receiving party in writing of the producing party's objection(s) to such disclosure prior to the date on which the disclosure is intended to be made.  Any objection must be made for good cause, stating with particularity the reasons for the objection.  Should the receiving party disagree with the basis for the objection(s), the parties

must first attempt to resolve the objection(s) informally. If the informal efforts do not resolve the dispute within five (5) business days of the producing party's objection, the producing party may file a motion for protective order or motion to disqualify the objected to expert within five (5) business days and shall bear the burden on its motion. Pending a ruling by the Court upon any such objection(s), the discovery material shall not be disclosed to the person objected to by the producing party. Nothing in this section prevents a Defendant from subsequently objecting to disclosure of Protected Information to an expert (or any person) if such a Defendant later (even if after originally not objecting) learns of a basis for so objecting.

### Expert discovery

16.    Experts or consultants retained in connection with this litigation shall not be subject to discovery of any draft of his or her reports or declarations in this case or other cases. Notes or outlines for reports or declarations (whether drafts of finals) for such experts or consultants are also exempt from discovery. Communications with such experts or consultants are also exempt from discovery unless relied upon as a basis for his or her report or declaration.

### Use of Protected Information limited to this case

17.    No Protected Information is allowed to be used by any party except for the advancing a claim or defense in this case, and is certainly not permitted to be used in any other case. Subject to the foregoing, if at any time a receiving party is subpoenaed or otherwise required (including in the present case) by a court, or any arbitral, administrative or legislative body, to disclose or produce another party's Protected Information, the party to whom the subpoena or request is directed shall immediately provide written notice thereof to the producing party and its counsel, and shall give the producing party at least until the

deadline under the applicable procedural rules, or as extended by the court or agreement of the parties, to move for a protective order or seek other relief to prevent the disclosure or production of the Protected Information.

### Use of Protected Information at deposition or in court

18.  To the extent that any Protected Information is used in depositions, at hearings, or at trial, such Protected Information shall remain subject to the provisions of this Order, along with the transcript pages of the deposition testimony and/or trial testimony referring to the Protected Information. Any portion of a deposition transcript, may be designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" by an appropriate statement at the time such testimony is given or thereafter by notifying the other parties in writing of the portions of such testimony to be so designated within thirty (30) days from the date of the deposition. Upon such request, the report shall mark the original portions and all copies as designated. Unless the parties otherwise agree, the entire transcript of all depositions shall be deemed designated as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," for thirty (30) days from the date of the deposition. Any portions later designated otherwise shall thereafter be treated accordingly and in accordance with the terms of this Order. For depositions, the receiving party shall not bring a copy of any printed source code unless written consent by the producing party is first obtained at least 5 days before the date of the deposition. At its option, the producing party, instead of the receiving party, will bring printed copies of the relevant Source Code to the deposition for use by the receiving party. Copies of Source Code that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers. Any paper copies used during a deposition shall be retrieved by the

receiving party or the producing party (at the producing party's discretion) at the end of each day and must not be given to or left with a court reporter or any other individual.

### Filing Protected Information

19.     All transcripts of depositions, exhibits, answers to interrogatories, pleadings, briefs, and other documents submitted to the Court which have been designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" or which contain information so designated shall be filed such that the respectively designated information is under seal as allowed by Local Rule or the Court. In addition to being filed under seal as permitted, documents containing information designated "HIGHLY CONFIDENTIAL – SOURCE CODE" will have the appropriate portions of such documents stamped and treated as HIGHLY CONFIDENTIAL – SOURCE CODE.

### Inadvertent production

20.     Inadvertent or unintentional production of Protected Information (even if not designated) shall not be deemed a waiver in whole or in part of a claim for confidential treatment. Upon request by the producing party, the receiving party shall immediately destroy or return all copies of such inadvertently produced document(s). The producing party shall have the opportunity to reproduce or designate the returned documents with any of the aforementioned designations. The receipt of documents or information will not operate as an admission by the receiving party that any particular "CONFIDENTIAL," "HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL – SOURCE CODE" contains or reflects trade secrets or any other type of confidential or proprietary information. Nothing herein shall prevent the receiving party from challenging the propriety of the designation of the documents by submitting a written challenge to the

Court. The reception or inadvertent production of any Protected Information shall not be useable as a basis to receive such information, including, for example, as part of a motion to compel discovery.

21.     Inspection or production of documents (including physical objects) or information shall not constitute a waiver of the attorney-client privilege or work product immunity or any other applicable privilege or immunity from discovery in this action or any other state, federal or international proceeding if the producing party later designates any such documents or information as within the attorney-client privilege or work product immunity or any other applicable privilege or immunity and requests return of such documents or information to the producing party. Upon request by the producing party, the receiving party shall immediately destroy or return all copies of such inadvertently produced document(s) or information.     Nothing herein shall prevent the receiving party from challenging the propriety of the attorney-client privilege or work product immunity or other applicable privilege or immunity designation by submitting a written challenge to the Court, but no such challenge may rely on the fact of the inadvertent or unintentional disclosure as evidence that the documents or information are not subject to privilege or immunity.

**Privilege logs**

22.     The parties agree that the privilege logs in this case need not identify privileged communications or attorney work product created on or after September 15, 2011. In addition, the parties agree that the parties' privilege logs need not identify privileged communications to/from, or attorney work product created by, a party's litigation counsel in this case relating to (i) this litigation, (ii) any of the party's other prior litigation, (iii) the party's patents, patent applications, or pending reexamination proceedings.

**Third parties**

23.　　This protective order shall afford all third parties who produce any Protected Information pursuant to this Order the same protections afforded to the parties to this action.

**Conclusion of litigation**

24.　　After termination of this litigation, the provisions of this Order shall continue to be binding, except with respect to those documents and information that become a matter of public record. This Court retains and shall have continuing jurisdiction over the parties and recipients of the Protected Information for enforcement of the provisions of this Order following termination of this litigation.

25.　　Unless otherwise ordered or agreed to in writing by the Producing Party, within three calendar months after termination of this action by dismissal, judgment, or settlement, counsel for the party or parties receiving Protected Information shall use reasonable efforts to destroy or return (at the option of the receiving party) the Protected Information to the counsel for the party or parties disclosing or producing the Protected Information. The Receiving Party's reasonable efforts shall not require the return or destruction of Protected Information that (i) is stored on backup storage media that is overwritten in the normal course of business, (ii) is located in the email archive system or archived electronic files of departed employees, or (iii) is subject to legal-hold obligations. Backup storage media will not be restored for purposes of returning or certifying destruction of Protected Information. Outside Counsel may keep their correspondence, pleadings, deposition and trial transcripts (and exhibits thereto), expert reports, attorney work product and any court filings that refer or relate to any Protected Information (except in the case of Protected Information designated as "HIGHLY CONFIDENTIAL – SOURCE CODE," which must be returned or destroyed as provided above).. If a receiving party opts to destroy instead of return such Protected

Information, it must provide certification of such destruction if requested by a corresponding Producing Party. Nothing in this section shall be construed to require the violation of any legal obligation.

26.    If at any time documents containing Protected Information are subpoenaed by any court, arbitral, administrative or legislative body, or are otherwise requested in discovery, the person to whom the subpoena or other request is directed shall promptly give written notice thereof to every party who the subpoenaed party is aware of who has produced such documents or to its counsel and shall provide each such party/counsel with an opportunity to object to the production of such documents if such an opportunity may be provided. If a producing party does not take steps to prevent disclosure of such documents within ten business days of the date written notice is given, the party to whom the referenced subpoena is directed may produce such documents in response thereto, but shall take all reasonable measures to have such documents treated in accordance with terms of this Protective Order.

27.    This Order is binding upon the parties and their attorneys, successors, executors, personal representatives, administrators, heirs, legal representatives, assigns, subsidiaries, divisions, employees, agents, independent contractors, or other persons or organizations over which they have control.

28.    No party may remove, or cause to be removed, Protected Information produced by another party from the territorial boundaries of the United States of America. Without limitation, this prohibition extends to Protected Information (as always, including copies) in physical or electronic form. The viewing of Protected Information through electronic means outside the territorial limits of the United States of America is similarly prohibited.

29.    This Order is entered without prejudice to the right of any party to apply to the

Court at any time for additional protection, or to relax or rescind the restrictions of this Order. Furthermore, without application to this Court, any party that is a beneficiary of the protections of this Order may enter a written agreement releasing any other party hereto from one or more requirements of this Order even if the conduct subject to the release would otherwise violate the terms herein.


**So Ordered and Signed on this**

**Jun 26, 2013**


_____

RODNEY GILSTRAP
UNITED STATES DISTRICT JUDGE

## EXHIBIT A

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | |
|---|---|
| SimpleAir, Inc., <br><br>       Plaintiff, <br><br> v. <br><br> Microsoft Corporation, et al. <br><br>       Defendants. | Case No.: 2:11-cv-00416-MHS |

### AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

I, _____, hereby acknowledge that I am about to receive Protected Information as defined in the Protective Order entered by the Court in this case.

I certify my understanding that the Protected Information is being provided to me pursuant to the terms and restrictions of the Protective Order, and that I have been given a copy of and have read and understood my obligations under that Protective Order. I hereby agree to be bound by the terms of the Protective Order. I clearly understand that the Protected Information (including any copies or my notes relating thereto) may only be disclosed to or discussed with those persons permitted by the Protective Order to receive such material.

I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Protective Order.

Name of individual: _____

Present occupation/job description: _____

_____

Name of Company or Firm: _____

Address: _____

Dated: _____

_____
[Signature]

25